UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WOOD AND BRICKS, LLC,
    Plaintiff,

v.

TD DEVELOPMENT, LLC, ET AL.,
    Defendants.

No. 3:16-cv-123 (MPS)

## RULING AND ORDER

Defendant TD Development, LLC ("TD Development") has moved to set aside the Court's entry of default against it in this case arising out of an agreement to demolish buildings and salvage materials on an industrial site in Moosup, Connecticut. Plaintiff Wood and Bricks, LLC ("Wood and Bricks") opposes the motion on the grounds that the default was willful and setting it aside would result in prejudice. As set forth more fully below, given both the strong preference for resolving cases on the merits and the need to avoid undue prejudice, the Court will grant the Motion to Set Aside Default (ECF No. 83) on the condition that TD Development pay Wood and Bricks for reasonable costs and fees associated with the default.

    **I.**    **Background**

This case was removed from state court by the two defendants, TD Development and Todd Clifford, on January 28, 2016. (ECF No. 1.) On August 12, 2016, counsel for Wood and Bricks and then-counsel for Defendants, Garret Flynn, submitted a joint status report stating that they had participated in a settlement conference with Magistrate Judge Merriam and that while the case did not settle, "they continue to engage in fruitful settlement negotiations." (ECF No. 60 at 2.) However, the report also stated, "[y]esterday, Defendants' counsel of record informed counsel for Wood & Bricks and Mr. Sullivan that the Defendants intend to replace him with new

1

...

counsel. It is not clear when the new counsel will be filing an appearance or how this will affect the parties' settlement negotiations." (*Id.*)

On August 22, 2016, Attorney Flynn along with counsel for Wood and Bricks participated in a telephonic status conference, in which Attorney Flynn stated that he intended to file a motion to withdraw. The Court's order following the status conference specified that Defendants would have seven days to file an appearance, and, "[i]f no appearance is filed in those 7 days, Plaintiff shall file a motion for default judgment." (ECF No. 64.) The Court explained that an LLC could not appear pro se, and that "because Defendants have apparently taken no action to retain alternate counsel since filing the joint status report, any new defense counsel to enter an appearance should be prepared to proceed expeditiously." (*Id.*) The Court also required Attorney Flynn to serve a copy of the order and the motion to withdraw on his client, which he did. (ECF Nos. 64, 66.)

On August 24, 2016, the Court granted Mr. Flynn's motion to withdraw. (ECF No. 71.) No attorney appeared for the Defendants within the required time frame, although Mr. Clifford entered a pro se appearance. (ECF No. 68.) On September 1, 2016, Wood and Bricks filed a motion for Default Entry against TD Development under Fed. R. Civ. P. 55(a). (ECF No. 70.) The Court granted the motion and entered default on September 19, 2016, requiring Wood and Bricks to file a Motion for Default Judgment. (ECF No. 71.)  On October 17, 2016, 47 days after the Court's original deadline for Defendants to obtain new counsel and in accordance with the Court's Order, Wood and Bricks filed a 12-page motion for default judgment under Fed. R. Civ. P. 55(b), along with affidavits and supporting documentation. (ECF No. 72.)

Then, on November 2, 2016, counsel for Wood and Bricks along with Mr. Clifford, appearing pro se, attended a telephonic status conference. At the telephonic status conference,

the Court granted Mr. Clifford an additional 14 days to find counsel for TD Development. (ECF No. 76.) On November 16, 2016, new counsel for TD Development entered an appearance. (ECF No. 78.) The Court held another telephonic status conference on November 22, 2016, and on December 2, 2016, TD Development, through counsel, moved to set aside the earlier default. (ECF No. 83.)

## II. Legal Standard

Under Fed. R. Civ. P. 55(c), "the court may set aside an entry of default for good cause." To determine whether there is good cause, the Court must assess: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). This determination is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* at 95. However, "[b]ecause there is a preference for resolving disputes on the merits, doubts should be resolved in favor of the defaulting party." *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (internal citation and quotation marks omitted). The Second Circuit has emphasized that "a default judgment is the most severe sanction which the court may apply. A trial court's desire to move its calendar should not overcome its duty to do justice." *N.Y. v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (internal citation and quotation marks omitted).

## III. Discussion

The Court considers each of the factors set forth in *Diakuhara*. First, "willfulness in the context of a judgment by default requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a

relevant factor to be considered." *Green*, 420 F.3d at 108 (internal citations and quotation marks omitted). The "purpose of default judgment is to protect parties from undue delay-harassment." *Id.* (internal citation and quotation marks omitted). TD Development is correct that the Court granted an extension of time to find new counsel after the initial default, and there is no indication that new counsel for TD Development is unreasonably delaying or harassing Wood and Bricks. However, Wood and Bricks is also correct that the earlier conduct here went beyond mere negligence: TD Development was well informed of the consequences of having its attorney withdraw and not retaining a new attorney, and allowed significant time periods to elapse during which it could have corrected any negligent mistake. *See, e.g. McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (summary order) (finding willfulness where the party "fail[ed] to appear at the… pretrial conference after its representatives were informed… that it needed to do so" and "wait[ed] three months to retain counsel and over two more months to petition the court to set aside the default.")

Second, in terms of prejudice, Wood and Bricks has incurred costs and experienced over three months of delay, all while diligently following the Court's orders. However, the costs can be addressed without resorting to the severe sanction of default judgment. *See Powerserve*, 239 F.3d at 515 ("In determining whether to exercise its discretion to set aside a default… a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party."); *Grosso v. Radice*, 2007 WL 4441022, at *3 (E.D.N.Y. Dec. 10, 2007) (conditioning the decision to set aside the default entry on defendant's payment of "reasonable costs and attorneys' fees in bringing the motion for default."). And "delay standing alone does not establish prejudice" in this context. *Diakuhara*, 10 F.3d at 98.

Third, "[a] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense. The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* TD Development did earlier file an answer to the complaint with affirmative defenses and counterclaims. (ECF No 19.)  However, in its motion to set aside the default, TD Development stated only, "Defendant has discovered new evidence and seeks the opportunity to defend itself on the merits of its case-in-chief, and the counter-claim therein." (ECF No. 83 at 2.) The motion did not specify what this alleged new evidence might be.

The above factors call into question the good faith of TD Development. However, the preference for resolving cases on the merits weighs heavily here, as does the need to resolve any doubts in favor of the defaulting party. *See Powerserve*, 239 F.3d at 514. Therefore, the Court will set aside the default under Fed. R. Civ. P. 55(c), but only on the condition that TD Development rectify the prejudice that Wood and Bricks suffered by compensating it for reasonable costs and attorneys' fees associated with the default.

IV. **Conclusion**

Accordingly, the Court will grant the Motion to Set Aside Default (ECF No. 83) only upon satisfaction of the following conditions. Within 14 days of this Order, Wood and Bricks shall file an affidavit setting forth the fees and costs incurred for: the Motion for Default Entry (ECF No. 70), the Motion for Default Judgment (ECF No. 72), the November 2, 2016 telephonic status conference (ECF No. 75), the November 22, 2016 telephonic status conference (ECF No. 80), and the brief in opposition to the Motion to Set Aside Default (ECF No. 85). Within 7 days of the filing of such affidavit, TD Development shall file either proof of payment of the

requested fees and costs, or any objection to their reasonableness. If TD Development does object, the Court will rule on the objection, and TD Development will then have 7 days from such ruling to file proof of payment of the Court-determined fees and costs.  Further, within 30 days of this Order, TD Development shall file a certificate of compliance with all outstanding discovery requests; no objections to the discovery requests (apart from privilege objections) may be made or served because they would be untimely and there is no excuse for the delay.

The joint statement described in the Court's November 22, 2016 Order (ECF No. 81) will be due 14 days after the issuance of the *final* order on the Motion to Set Aside Default.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           December 19, 2016